IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

```
JAMES L. SAINT,              }
                             }
      Plaintiff,             }
                             }   CIVIL ACTION NO.
v.                           }
                             }   01-AR-2799-M
WAL-MART STORES, INC.,       }
                             }
      Defendant.             }
                             }
```

01 NOV 19 PM 3: 14

ENTERED

NOV 19 2001

## MEMORANDUM OPINION

The court has before it a motion by plaintiff, James L. Saint ("Saint"), to remand the above-entitled case to the Circuit Court of Etowah County, Alabama, from which it was removed by defendant, Wal-Mart Stores, Inc. ("Wal-Mart"), on the basis of diversity. The parties admittedly have diverse citizenships. The only question upon which subject matter jurisdiction depends is whether the amount in controversy exceeds $75,000 as required by 28 U.S.C. §1332 in order to confer original jurisdiction on this court.

The complaint in this case is a typical Alabama slip-and-fall complaint. Its reference to damages is enigmatic. It contains no *ad damnum*. It does not catalog plaintiff's physical injuries except by reference to a back injury. It does not set forth the extent of medical expenses. There is no claim for lost wages. There is a claim for exemplary damages to punish wanton conduct in the form of not timely cleaning up a slippery substance on Wal-Mart's floor.

During oral argument on plaintiff's motion to remand,

plaintiff's counsel readily conceded that the amount in controversy does not realistically exceed $75,000. The truth is that in plaintiff's wildest dreams he cannot expect to recover more than $75,000. He would be fortunate to get close to $75,000. Plaintiff's agreement never to seek more than $75,000 would have entitled him to an automatic remand during the hey-day of *Bailey v. Wal-Mart Stores, Inc.*, 981 F. Supp. 1415 (N.D. Ala. 1997). Unfortunately, *Bailey* disappeared from the radar, and was not restored by Judge DeMent's *Brooks v. Pre-Paid Legal Services*, 153 F. Supp. 2d 1299 (M.D. Ala. 2001), although the two cases cannot be distinguished. *Bailey's* actual, if incremental, resurrection occurred by the progression of *Johansen v. Combustion Engineering, Inc.*, 170 F. 3d 1320 (11th Cir. 1999), *Cooper Industries, Inc. v. Leatherman Tool Company, Inc.*, 532 U.S. 424, 121 S. Ct. 1678 (2001), and *Arnold v. Guideone Speciality Mutual Ins. Co.*, 142 F. Supp. 2d, 1319 (N.D. Ala. 2001), and was breathed fully into new life by *Williams v. Best Buy Company, Inc.*, ___ F. 3d ___, 2001 WL 1244759 (11th Cir., October 18, 2001). This new case now stands firmly in the way of a removal based on a defendant's conclusory allegation of the existence of the requisite amount in controversy and that, instead, requires the trial court to evaluate the case *sua sponte* to determine whether the amount in controversy realistically exceeds $75,000. Such an examination has occurred in this case, albeit informally. It is readily apparent to this court that the amount in controversy does not exceed $75,000. A verdict

in excess of $75,000 could hardly stand the constitutional tests recognized both in *Combustion Engineering, supra,* and *Cooper Industries, supra.*

A separate order consistent with this opinion will be entered. DONE this 19th day of November, 2001.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE